UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 6, 2024

LETTER TO ALL PARTIES

Re:   *Fisher et al. v. PGCPS Board of Education et al.*
      Civil No. 23-1693-BAH

Dear Counsel:

Kari Fisher, who is both a plaintiff and counsel to herself as well as to her co-plaintiff and daughter, K.F., brought this suit alleging discrimination on the basis of K.F.'s disabilities and other immutable characteristics, including age, national origin, race, sex, and skin color, suffered by both Ms. Fisher and K.F. (collectively "Plaintiffs") while K.F. was a student at Prince George's County Public Schools. *See generally* ECF 1. Ms. Fisher originally brought and litigated this suit *pro se* until she entered her appearance on behalf of her and K.F. on March 4, 2024, after being admitted to this Court's bar. ECF 58.

Currently pending before me are a number of motions, including (1) Prince George's County Public School's ("PGCPS's") motion to dismiss and for imposition of sanctions ("motion to dismiss"), ECF 39; (2) Plaintiffs' motion for sanctions, ECF 38;[1] (3) PGCPS Board of Education's motion to amend its answer, ECF 40; (4) Millard House, II's motion to amend his answer, ECF 41; (5) Trinell Bowman's motion to amend her answer, ECF 42; (6) Plaintiffs' motion to amend the complaint, ECF 44; (7) PGCPS's motion to withdraw its motion to dismiss, ECF 47; (8) Plaintiffs' motion for protective order, ECF 54, including supplemental unredacted documents, ECFs 55, 56; and (9) Defendants' motion to strike Plaintiffs' motion for protective order and the related unredacted documents, ECF 57. Defense counsel has also filed a letter alerting the Court to a discovery dispute. ECF 53. That discovery dispute appears to be at least somewhat related to Plaintiffs' motion for a protective order.[2]

Plaintiffs opposed PGCPS's motion to dismiss. ECF 43. PGCPS opposed Plaintiffs'

---

[1] Plaintiffs' motion for sanctions, which seeks sanctions in relation to PGCPS's filing of its motion to dismiss, was filed after PGCPS's motion. *See* ECFs 38, 39. This is because PGCPS had tried to file its motion earlier, *see* ECF 33, but that entry was marked as "filed in error" by the Clerk's office because the case caption contained the incorrect case number. *See* ECF 37. The earlier filed motion with the incorrect case number prompted Plaintiffs to respond with the motion for sanctions.

[2] Defendants also assert that Plaintiffs' discovery responses are overdue. *See* ECF 53-1, at 2.

motion for sanctions.  ECF 48.  Defendants PGCPS Board of Education, Trinell Bowman, and Millard House, II, (collectively "Defendants") opposed Plaintiffs' motion to amend the complaint.  ECF 52.  Plaintiffs' time to respond to each Defendant's motion to amend answer has expired, *see* Loc. R. 105.2(a) (D. Md. 2023), so they are deemed unopposed.  Plaintiffs responded to Defendants' motion to strike.  ECF 59.  I will address each of the motions in turn.  I find that no hearing is necessary.  *See* Loc. R. 105.6.

First, I will grant PGCPS's motion to withdraw the motion to dismiss.  ECF 47.  The motion to dismiss, ECF 39, will be withdrawn.  Plaintiffs seek Rule 11 sanctions related to the filing of the motion to dismiss.  ECF 38.  Their opposition to the motion to dismiss is also styled as an amended motion for sanctions.  ECF 43.  Plaintiffs argue that the motion to dismiss is "frivolous" as it sought "to have 'PGCPS' removed from the lawsuit when 'PGCPS' is not, nor has ever been, a party to the lawsuit."  ECF 38, at 1; ECF 43, at 1.  Plaintiffs' amendments to the motion for sanctions include allegations that PGCPS's refiling of the motion to dismiss after the quality control notice was issued and after receiving Plaintiffs' motion, as explained *supra* note 1, constitutes sanctionable conduct.  ECF 43, at 2.  As relief, Plaintiffs seek specifically "to have Defendants' Motion to Dismiss and for Sanctions to be stricken."  ECF 43, at 5.  Because PGCPS has already provided the relief requested by withdrawing the motion, I decline to impose sanctions here.  I note that, as Plaintiffs have pointed out, PGCPS was dismissed by Judge Sullivan on October 3, 2024, because "Plaintiff did not return a completed summons for Defendant Prince George's County Public Schools."  ECF 19.  Plaintiffs have also explained that they never named PGCPS as a defendant.  *See* ECF 43, at 3–4.  The confusion appears to have stemmed from the spacing on the caption of the complaint, *see* ECF 1, at 1, which prompted the Clerk's office to enter PGCPS as a standalone defendant when initiating the case in CM/ECF.  Regardless, I will not impose sanctions on any party at this time.

I next address the motions to amend the pleadings.  Federal Rule of Civil Procedure 15 governs amendments to pleadings, including complaints and answers.  Fed. R. Civ. P. 15.  Under Fed. R. Civ. P. 15(a), a party may amend their pleading as of right until 21 days after serving the pleading or 21 days after service of a responsive pleading or motion to dismiss.  Fed. R. Civ. P. 15(a)(1)(A)–(B).  "In all other cases," such as here, a party seeking to amend a pleading may only do so "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).

I begin with Plaintiffs' motion to amend the complaint.  Plaintiffs seeks to amend because they:

> believe they have claims under the Maryland Child Victims Act, and related allegations, including: child sex abuse under the Maryland Child Victims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-105, encompassing and resulting child abuse and

> child endangerment, false imprisonment, tortious interference, damage to reputation, defamation, and intentional/negligent infliction of emotional distress.

ECF 44, at 1. This motion was filed while Plaintiff Ms. Fisher was proceeding *pro se* on behalf of herself and K.F. Federal courts uniformly do not allow *pro se* litigants to represent others, including parents, guardians or next friends seeking to appear *pro se* on behalf of a minor child or incompetent person. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 124 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Devine v. Indian River Sch. Bd.*, 121 F. 3d 576, 581-82 (11th Cir. 1997), *overruled on other grounds by Winkelman*, 550 U.S. 516 (2007); *Johns v. San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). In the interest of efficiency, I will not deny the motion to amend on the sole basis that it was submitted while Ms. Fisher was impermissibly proceeding *pro se* on behalf of her daughter since Ms. Fisher is now a member of the federal bar and has entered her appearance as counsel of record for her child.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This Court's Local Rules also require that "[a]ny pleading that states a claim for relief shall set forth each count separately and provide a clear statement of the supporting facts for each count." Loc. R. 103.1(c). Local Rule 103 also limits complaints to forty (40) pages in length. Loc. R. 103.1(d).

The proposed amended complaint fails to comply with these standards. Ms. Fisher, now a licensed member of this bar, is no longer entitled to the liberal construction that *pro se* litigants are generally afforded. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (recognizing that *"a pro se* plaintiff is generally afforded more latitude than a party represented by counsel"). The Court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley*, Civ. No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Courts have dismissed complaints that are so unwieldy that they would require the Court to do so. *See Plumhoff*, 286 F. Supp. 3d at 702 (collecting cases); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("In ruling on the sufficiency of the [plaintiffs'] sixteen claims, the [Court] was put in the position of serving as the [plaintiffs'] lawyer in rewriting the complaint into an intelligible document a competent lawyer would have written.").

First, the original complaint is 73 pages in length, comprised of 192 numbered paragraphs. *See* ECF 1. The proposed amended complaint is even longer at 83 pages, comprised of 203 numbered paragraphs. *See* ECF 44-1. Plaintiffs seek to amend the complaint to add claims under Maryland's recently enacted Child Victims Act as well as for false imprisonment, tortious interference, damage to reputation, defamation, and intentional/negligent infliction of emotional distress. ECF 44, at 1. None of these claims are labeled as separate counts, as required by Local

*Fisher et al. v. PGCPS Board of Education et al.*
Civil No.: 23-1693-BAH
March 6, 2024
Page 4

Rule 103.1(c). It is not clear from the proposed amended complaint whether Ms. Fisher or K.F. intends to assert each of these claims, or against whom these claims will be asserted. The original complaint, for that matter, suffers the same deficiencies. The complaint also appears to conflate Ms. Fisher and K.F. *See, e.g.*, ECF 1 ¶ 149 ("Defendant continues to target *Plaintiff* because of and on the bases of protected classes, and subject *them* to harassment, a hostile environment in proceedings through its employees and/or agents, and adverse actions, as well as created an extremely toxic and dangerous environment for *Student*." (emphasis added)). Thus, it is impossible to discern from either the original complaint or proposed amended complaint which claims are brought by which plaintiff against whom. Such a complaint does not comply with the pleading standards of Rule 8. *See North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004) (finding that a trial court did not abuse its discretion in dismissing a complaint for failure to comply with Fed. R. Civ. P. 8(a) where the complaint was "both long and complex" and was "filled with needless details," making it "virtually impossible to separate the legally significant from the legally insignificant facts in this factual background and then to match them with claims purportedly made in the complaint").

Without affording Defendants the benefit (and requirement) of Plaintiffs' compliance with these pleading standards, proceeding on the proposed amended complaint would prejudice Defendants because the disorganized and lengthy nature of the complaint hinders Defendants' ability to mount a defense. *See McGuirt*, 114 F. App'x at 558 (noting that when a reviewing court examines "whether a district court abused its discretion in dismissing for failure to comply with Rule 8(a), courts have looked to various factors, including the length and complexity of the complaint., *whether the complaint was clear enough to enable the defendant to know how to defend himself*, and whether the plaintiff was represented by counsel" (emphasis added) (internal citations omitted)).

Plaintiffs' motion to amend the complaint, ECF 44, will therefore be denied. However, Plaintiffs will be directed to file a new amended complaint that does comply with these requirements. Most importantly, each claim must be separately labelled as counts that identify (1) who brings each claim against whom and (2) the facts that support each claim. Plaintiffs are advised that the Court has discretion to dismiss a complaint that fails to comply with Rule 8(a) when the offending party has been given opportunities to cure the deficiency. *See McGuirt*, 114 F. App'x at 559, *Smith v. Int'l Longshoremen's Ass'n, AFL-CIO, Loc. No. 333*, 592 F.2d 225 (4th Cir. 1979); *Addahoumi v. Pastides*, No. 3:16-CV-1571-CMC-SVH, 2018 WL 636122, at *3 (D.S.C. Jan. 30, 2018), *aff'd,* 745 F. App'x 478 (4th Cir. 2018), and *aff'd,* 745 F. App'x 478 (4th Cir. 2018).

In light of Plaintiffs' forthcoming amended complaint, I need not rule on Defendants' motions to amend the answers. Those motions, ECFs 40, 41, and 42, will be denied as moot. Defendants will have an opportunity to respond to Plaintiffs' forthcoming amended complaint.

That leaves the motion for a protective order. ECF 54. The motion seeks to prevent K.F. from having to sit for a deposition or "alternatively, [to] provide for an affidavit or written statement with assistance, and alternatively, that the deposition be stayed, and alternatively, that

*Fisher et al. v. PGCPS Board of Education et al.*
Civil No.: 23-1693-BAH
March 6, 2024
Page 5

the deposition be limited in scope and duration with set parameters, as well as videotaped at Defendants' expense." *Id.* at 1. Plaintiffs explain that Defendants have noticed K.F.'s deposition for March 14 and 18, 2024. *Id.* Defendants moved to strike the motion for a protective order because of Plaintiffs' failure to comply with the Court's informal discovery dispute procedure, which is outlined in the order at ECF 25. *See* ECF 57, at 2. In response, Ms. Fisher acknowledged that she inadvertently overlooked that order and indicated an intent to withdraw the motion for a protective order in favor of proceeding more informally. ECF 59, at 2. I will take Ms. Fisher at her word and permit withdrawal of the motion for a protective order. Defendants' motion to strike, ECF 57, will be denied as moot.

The deposition scheduled for K.F. on March 14 and 18 will likely need to be postponed to allow time for resolution of the disputes surrounding the scope and manner of K.F.'s deposition. The parties may also seek, and I will entertain, a joint motion to modify the scheduling order to allow sufficient time for Plaintiffs to file, and Defendants to respond to, the forthcoming amended complaint.[3]

Despite the informal nature of this letter, it is a Memorandum Opinion of the Court and shall be docketed as such. A separate implementing Order follows.

                                            Sincerely,

                                            /s/

                                            Brendan A. Hurson
                                            United States District Judge

---

[3] Plaintiffs represent that they intend to pursue a joint motion to extend the deadlines. ECF 59, at 4 n.3.