IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARI FISHER, *et al.*,

 *Plaintiffs*,

v.

PRINCE GEORGE'S COUNTY BOARD
OF EDUCATION, *et al.*,

 *Defendants*

Action No. 23-cv-1693-ABA

## MEMORANDUM OPINION AND ORDER

This case is primarily a challenge by Plaintiffs Kari Fisher and her daughter K.F. ("Plaintiffs"), under the Individuals with Disabilities in Education Act ("IDEA"), to a February 23, 2023 decision in a Maryland administrative proceeding. Presently pending are disputes between Plaintiffs, and Defendants Prince George's County Board of Education, Trinell Bowman, and Millard House, II ("Defendants") over the proper scope of discovery, whether Plaintiffs' IDEA claims should be bifurcated from their non-IDEA claims, and other procedural issues. This memorandum and order decides some of those issues, and sets a briefing schedule for some of them.

### BACKGROUND

In a 45-page decision issued in February 2023, an administrative law judge ("ALJ") held, "based on the undisputed material facts, that the Student [K.F.] met Maryland's requirements to receive a regular high school diploma and graduated from high school," and further that, accordingly, "any claim that a FAPE [free and

1

appropriate public education] was deficient is moot." ALJ Ruling (Feb. 23, 2023) at 45.[1] The ALJ also held that, although under the IDEA in some circumstances "students remain eligible for special education services through the age of twenty-one . . . the obligation to make a FAPE available to all children with disabilities does not apply with respect to students who have graduated from high school with a regular high school diploma." *Id.* at 42 (citing 34 C.F.R. § 300.102 (a)(3)(i)). For these reasons, the ALJ dismissed the due process complaint that Plaintiff Fisher had filed on August 31, 2022. *Id.* at 45.

Plaintiff Fisher, along with her daughter K.F., filed this federal lawsuit in June 2023. Because K.F. was a minor at the time of filing, Plaintiffs proceeded with K.F. being referred to by her initials. Discovery was stayed in March 2024. *See* ECF No. 68 (Plaintiffs' motion seeking a stay of all proceedings); ECF No. 80 (order amending filing deadlines and staying all discovery). Plaintiffs have also filed several amendments to their complaint. The operative complaint appears at ECF No. 107, filed October 7, 2024 ("Compl.").

As noted above, the complaint contends that Defendants denied K.F.'s rights to a free and appropriate public education under the IDEA, including by permitting her to graduate and granting her a diploma. Although K.F. received excellent grades—all "As" throughout high school other than two "Bs," *see* ALJ Ruling at 11 (¶ 41)—Plaintiffs contend (or at least Plaintiff Kari Fisher contends) that K.F. should have been given lower grades, and that "graduation requires a student to have the proficiency and skills

---

[1] The administrative record, which fills a bankers-size box, was filed with this Court in paper form. For clarity, the ALJ Ruling will be appended to this order, with K.F.'s full name redacted.

to substantiate the diploma, which, [Plaintiff Fisher] argued, the Student does not have." *Id.* at 29. Plaintiff Kari Fisher goes so far as to contend that her daughter's "reading comprehension skills are at the late 1st grade/early 2nd grade and in the 6-7 age range levels." Compl. ¶ 105.

Plaintiffs' complaint contains 24 counts. Compl. ¶¶ 304-351. Counts 1 through 21 arise under the IDEA. Counts 1 through 19 comprise Plaintiffs' IDEA claims challenging Defendants' alleged "failure to provide K.F. a [free and appropriate public education]." In Count 20, Plaintiffs allege that Defendants "made specific misrepresentations under 20 U.S.C. §1415(f)(3)(D) during the school years at issue that violate[] Plaintiffs' rights under the IDEA, Maryland and other federal laws." Compl. ¶ 343. In Count 21, Plaintiffs allege that Defendants "withheld statutorily mandated disclosures under 20 U.S.C. § 1415(f)(3)(D) during the school years at issue." *Id.* ¶ 345.

Plaintiffs' complaint is not limited to IDEA claims, however. The complaint asserts three non-IDEA claims. In Count 22, Plaintiffs allege the following:

> Plaintiffs K.F. and Kari Fisher were subjected to prohibited disparate treatment, adverse actions, violations of law, an unlawful hostile environment, including harassment, and retaliation, subjected to chronic and pervasive false rumors and gossip, trauma, unlawful detention, pain and suffering, economic harm, actions related to [wrongdoing] at Beltsville Academy, manufacturing of Forms at NHS and repeatedly misusing the Forms, such as disclosing publicly, and so on, by Defendants based on the identified protected traits under Title VI of the Civil Rights Act of 1964; Title IX of the Education Amendments of 1972; Section 504 of the Rehabilitation Act of 1973; Age Discrimination Act of 1975; Title II of the Americans with Disabilities Act of 1990; the U.S. Constitution, including due process, search and seizure, and equal protection; 42 U.S.C. § 1983; Individuals in Education

3

> Act, 20 U.S.C. § 1400 and § 1414,[2] and applicable *respondeat superior* or vicarious liability.

*Id.* ¶ 347.

In Count 23, Plaintiffs allege the following:

> In conjunction with Count XXII and for claims made by Plaintiffs Kari Fisher and K.F. under 42 U.S.C. § 1983 against the Defendants, individuals and entities, in Maryland, for actions against the Plaintiffs by the PGC Board of Education, Ms. Yaya Abangma, Ms. Toni Brooks, Mr. Darnell Henderson, Ms. Gail Viens, Ms. Carlene Murphy, Ms. Tammy Turner, Ms. Roslyn Turner, Ms. Cecilia Bowlding, Ms. Rhonda Smith, Ms. Charmaine White, Ms. Ture, Mr. Miller, Ms. Shauna Battle, Mr. Emmett Hendershot, Ms. Jennifer Cleage, Dr. Monica Goldson, Mr. Rudoph Saunders, Jr., Dr. Gwendolyn Mason, Ms. Joan Rothgeb, Dr. William Hite, Dr. Kevin Maxwell, Ms. Maha Fadli, Ms. Bernadette Woodbury, Ms. Deborah Watkis, Mr. Bryan Pierre, Mr. Phithizela Ngcobo, as well as former PGC Board Members Rosiland Johnson, Ms. Pamela Boozer-Strothers, and Ms. Lupi Grady, Ms. Lori Esser, Ms. Rashida Edwards, Ms. Denise Olubo, Ms. Chiqui Balaba, Ms. Burnam, Ms. Weiss, Ms. Slaybaugh, Ms. Malloy, Ms. Lena, and Ms. Jennifer, Superintendent Millard House, Ms. Trinell Bowman, individually and as agents on behalf of Defendants.

*Id.* ¶ 349.

Finally, in Count 24, Plaintiffs allege:

> Plaintiffs K.F. and Kari Fisher were the victims of systemic and institutional, as well as individual discrimination, by virtue of their protected traits, like race, age, gender, and disabilities, including autism, related to K.F.'s education in the above actions by Defendants from 2011 through present under *respondeat superior*/vicarious liability, Title VI of the Civil Rights Act of 1964; Title IX of the Education Amendments of 1972; Section 504 of the Rehabilitation Act of

---

[2] Based on statutes cited, the Court presumes Plaintiffs mean the Individuals with Disabilities Education Act (IDEA).

>      1973; Age Discrimination Act of 1975; Title II of the Americans
>      with Disabilities Act of 1990; the U.S. Constitution, including
>      due process, search and seizure, and equal protection; 42
>      U.S.C. § 1983; Individuals [with Disabilities] [] Education Act,
>      20 U.S.C. § 1400 and § 1414.

*Id.* ¶ 351.

In sum, these three non-IDEA counts appear to boil down to the allegation that staff members of the Autism program at Beltsville Academy engaged in misconduct with respect to K.F. when she was seven years old, *see id*. ¶ 99, and that Defendants discriminated against Plaintiffs on the basis of "race, age, gender, and disabilities," *see id*. ¶ 351.[3]

## DISCUSSION

As noted above, several procedural questions are currently pending. The Court will address them in turn:

### A.   Discovery on Plaintiffs' IDEA claims

The parties dispute whether Plaintiffs are entitled to take discovery on their IDEA claims. The parties have filed written submissions on that issue. ECF No. 113 at 2-3 & ECF No. 112 at 4. Plaintiffs contend they should be granted discovery as to various "records not contained in the Student's Complete Record." ECF No. 113 at 3. Defendants

---

[3] Counts 22-24 also seem to re-allege IDEA-related claims as well. *See, e.g.*, Compl. ¶ 198 (contending that Defendants "falsif[ied] reporting and fail[ed] to fill out forms needed for assessments conducted on behalf of Student"). The Court does not disregard these, but understands Plaintiffs' intention through counts 22 through 24 to comprise her assertion of causes of action, under the statutes cited in paragraph 347 and 351, *other than* those asserted under the IDEA, notwithstanding the citations to 20 U.S.C. §§ 1400 and 1414.

contend that allowing discovery outside the administrative record that was before the ALJ at the time "is not to be permitted." ECF No. 112 at 4.

Under the IDEA, where a person has been "aggrieved" by "findings and decision made under" the IDEA, the person "shall have the right to bring a civil action with respect to the complaint." 20 U.S.C. § 1415(i)(2)(A). Courts hearing such challenges to administrative IDEA decisions are permitted to consider "additional evidence at the request of a party" beyond the records constituting "the records of the administrative proceedings." 20 U.S.C. § 1415(i)(2)(C). But that does not mean anywhere near full-blown civil discovery is permitted in IDEA cases. Instead, courts hearing IDEA cases must take a "strict approach to the concept of 'additional evidence.'" *Springer v. Fairfax Cty. Sch. Bd.*, 134 F.3d 659, 666 (4th Cir. 1998).

Specifically, the Fourth Circuit has adopted the following standard for deciding whether parties may take discovery on, and whether courts can consider, evidence outside the administrative record from the underlying IDEA proceeding:

> We construe "additional" in the ordinary sense of the word . . . to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding.

*Id.* at 667 (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984) (omission in original)). After all, "A lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an

6

unrestricted trial *de novo.*'" *Id.* (quoting *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 997 (1st Cir. 1990)).

Under this standard, evidence is considered "additional"—and thus, in general, appropriate for courts to consider even if outside the IDEA administrative record—where, for example, there were "gaps in the administrative transcript owing to a mechanical failure," a witness was "unavailabl[e]" to testify during the administrative proceeding, there was an "improper exclusion of evidence by the administrative agency," or where "events occurring subsequent to the administrative hearing" are "relevant" to the questions presented. *See Town of Burlington*, 736 F.2d at 790. But even subsequently arising evidence must be addressed "cautiously" because "[i]t is inevitable that additional information will become available after an administrative hearing"—or after, as here, an administrative summary decision—and "post-hearing evidence still risks diminishing the role of administrative proceedings under the IDEA." *Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009).

Here, the ALJ disposed of the underlying IDEA proceeding through a summary decision, holding that, based on the *undisputed* evidence in the record, Plaintiffs could not make any showing of entitlement to relief. Plaintiffs' IDEA claims in this Court challenge that summary decision. That renders discovery arguably even less appropriate than in cases that arise after a due process hearing. If Plaintiffs here were to persuade this Court not only that they have a valid continuing claim notwithstanding K.F.'s graduation, but also that the evidence in the record entitled them to proceed to a due process hearing, then the likely result would be a remand for further administrative proceedings. *See* 20 U.S.C. § 1412(i)(2); *Jacobs by Jacobs v. Hairston*, No. 06-cv-942-RDB, 2007 WL 9780499, *6, *8 (D. Md. July 23, 2007) (determining that the matter

7

should have been resolved after a due process hearing on the merits, rather than a summary decision, and remanding for additional proceedings at the administrative level). It would then be up to the ALJ in the first instance to decide whether the administrative record should be further developed. On the other hand, if the Court concludes that the summary disposition was appropriate, then Defendants would be entitled to summary judgment on Plaintiffs' IDEA claims. Either way, Plaintiffs have not shown an entitlement to discovery in this federal court case as to the IDEA claims.

For these reasons, Plaintiffs' request for discovery on their IDEA claims is denied. (Whether to proceed to discovery on the non-IDEA claims is addressed below.)

**B.    The viability of Plaintiffs' non-IDEA claims**

Although Defendants have filed an answer to the operative complaint, *see* ECF No. 108, they contend that Plaintiffs' non-IDEA claims alleging staff misconduct and discrimination are "spurious" and "time-barred." ECF No. 112 at 4. The question of whether Plaintiffs' non-IDEA claims state claims on which relief can be granted should be resolved before the parties proceed to discovery on those claims. A briefing schedule on those issues is incorporated in the schedule set forth below.

**C.    Whether the IDEA and non-IDEA claims should be litigated in parallel or bifurcated**

This is a two-part dispute: Plaintiffs contend the two sets of claims (the IDEA claims in Counts 1 through 21, and the non-IDEA claims in counts 22 through 24) should proceed with discovery and other deadlines in parallel; Defendants contend the propriety of the ALJ's summary disposition should be briefed and decided first, and that litigation on the non-IDEA claims should remain stayed until then.

On this issue, the Court's decision that Plaintiffs are not entitled to further discovery on their IDEA claims, and setting a schedule for Defendants' requested motion to dismiss the non-IDEA claims, largely renders this dispute moot. Because Plaintiffs are not entitled to further discovery on the IDEA claims, there is no need to delay those claims, and accordingly the parties shall proceed to brief whether the ALJ's summary disposition should be affirmed (or vacated and remanded, or reversed) on the schedule set forth below.

As to the non-IDEA claims, whether discovery will proceed (and, if so, when) will depend on whether Defendants file a motion to dismiss those claims. The Court instructs that Defendants may file such motion (on the second date set forth below, March 13) if they believe that some or all of Counts 22 through 24, with all of Plaintiffs' non-conclusory factual allegations accepted as true, do not state claims, in whole or in part, on which relief can be granted. And such motion must, of course, take as a given—for purposes of such a motion—that those non-conclusory factual allegations are true. *See, e.g.*, *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (in considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint."). If such motion is filed, discovery will remain stayed on the non-IDEA claims. If such a motion is not filed, the Court will set a schedule for discovery on those claims.

**D.**     **Plaintiffs' responses to discovery requests**

Defendants request, if discovery were to proceed, an order setting a deadline for Plaintiffs to respond to discovery that Defendants contend was "served nearly a year ago," *see* ECF No. 112 at 4. Plaintiffs' deadline to respond was stayed as of March 2024, as discussed above. Because the Court has ruled that Plaintiffs are not entitled to

9

discovery on the IDEA claims, and because the parties will be briefing whether Plaintiffs' non-IDEA counts state claims *before* discovery on those claims proceeds, that request by Defendants is denied. In the event the Court rules that the non-IDEA claims may proceed, then Plaintiffs will be required to respond to those discovery requests within 30 days of such order.

**E.      Representation issues**

Defendants have seemed to contend that because K.F. has reached the age of 18, her mother Plaintiff Fisher—an attorney who as of recently has been admitted as a member of the bar of this court—should not be representing K.F. *See, e.g.*, ECF No. 112 at 5 ("[I]t is the position of the Defendants that the issue of Kari Fisher's continuing representation of Karli Fisher should be briefed, with limited discovery, and decided preliminarily."). Adults obviously may be represented by counsel, and Defendants have not filed a motion to disqualify Plaintiff Fisher as counsel insofar as she is representing K.F. (as opposed to prosecuting claims she might have as K.F.'s parent). Rather, Defendants' contention seems to be that the Court should inquire into whether K.F. has in fact authorized Plaintiff Fisher to continue to prosecute K.F.'s claims in this case. And Defendants appear to seek to take a deposition to inquire into that issue. ECF No. 114 at 1.

In the absence of a motion to disqualify having been filed, the Court sees no basis on the current record to order discovery on this issue. If Defendants wish to seek an order disqualifying Kari Fisher from serving as counsel to K.F., Defendants may file a motion, on the schedule set forth below. If Defendants contend they are entitled to discovery on that issue, that motion should articulate the legal and factual basis for such

request—including explaining how they contend such a deposition would proceed notwithstanding the protections of the attorney-client privilege.

But regardless of whether Defendants file a motion to disqualify, to minimize ambiguity going forward the Court will require K.F. to attend the hearing being scheduled herein.

**F.       Continued sealing of K.F.'s full name.**

Plaintiffs filed this case using K.F.'s initials. At that time, she was under 18. K.F. has since turned 18. It appears Defendants have begun referring to K.F. by her full name. Given the nature of some of Plaintiffs' allegations, the Court *sua sponte* grants Plaintiffs leave to continue to proceed using K.F.'s initials, and orders the parties to do so. *See, e.g.*, *Doe v. Mercy High School, Inc.*, Case No. 23-cv-1184-JRR, 2024 WL 3103396, *6-8 (D. Md. June 24, 2024) (weighing the factors set forth in *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), and ruling, without a motion to proceed pseudonymously, that plaintiff there could proceed with any publicly filed documents referring to her by a pseudonym).

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1.       The parties shall follow the following briefing schedule. If the parties contend that good cause exists for modifying the schedule below, the Court will consider such request(s), but such request shall be made well in advance of the deadlines.

| Deadline | Brief | Page limit |
| --- | --- | --- |
| February 20, 2025 | Plaintiffs' brief on why they contend the ALJ's summary disposition should be reversed or vacated | 30 |
| March 13, 2025 | Defendants' brief (1) in response to Plaintiff's opening brief on the IDEA claims, (2) in support of | 30 |

11

|  | dismissal (in whole or in part) of Plaintiffs' non-IDEA claims, and (3) [if applicable] to disqualify Kari Fisher as counsel to K.F. and/or for discovery on that issue |  |
|---|---|---|
| April 3, 2025 | Plaintiff's brief (1) in reply in support of her IDEA claims, (2) in opposition to Defendants' motion to dismiss the non-IDEA claims, and (3) [if applicable] in opposition to disqualification as counsel and/or for discovery on that issue | 30 |
| April 17, 2025 | Defendants' reply brief in support of (1) its motion to dismiss non-IDEA claims, and (2) [if applicable] disqualification | 30 |

2. A hearing on all of the issues addressed in the above-ordered filings will be held on **Wednesday, April 23, 2025, at 10:30 a.m.**, in the Baltimore courthouse (101 West Lombard St., Baltimore, MD 21201) in Courtroom 7D. As noted above, K.F. must attend this hearing. If that date conflicts with an educational or other obligation, the parties shall meet and confer and select five alternative dates for the hearing, and then, by **Wednesday, February 5**, jointly call into chambers so that the hearing can be rescheduled.

3. All filings referring to K.F. shall, unless otherwise ordered, use her initials. In addition, recent filings by Defendants referring to K.F. by her full name (ECF Nos. 112, 114) will be sealed. And Defendants are ordered to re-file them with K.F's name redacted, within seven days of this order.

Date:  January 28, 2025                     _____/s/_____
                                             Adam B. Abelson
                                             United States District Judge