## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KARI L.D. FISHER, *et al.*,

    *Plaintiffs*,

    v.

PGCPS BOARD OF EDUCATION, *et al.*,

    *Defendants*.

Case No. 23-cv-1693-ABA

## MEMORANDUM OPINION

Plaintiffs K.F. and her mother, Kari Fisher, have been suing Defendants in this and several other courts for claims related to educational benefits and discrimination. Following this Court's disposition of most of Plaintiffs' claims in an earlier order, the only remaining claims pending in this Court are for discrimination under a variety of federal laws. For the reasons explained below, the Court will dismiss these claims for insufficient pleading. As also addressed below, the Court will deny most of the parties' other outstanding motions and close this case.

## I.    BACKGROUND

The Court has already recounted the facts and procedural history of this case in three previous memorandum opinions, so it will only summarize the relevant background here. *See* ECF No. 62 (*Fisher v. PGCPS Bd. of Educ.*, Case No. 23-cv-1693-BAH, 2024 WL 989558 (D. Md. Mar. 6, 2024)) (hereinafter, "*Fisher I*"); ECF No. 115 (*Fisher v. Prince George's Cnty. Bd. of Educ.*, Case No. 23-cv-1693-ABA, 2025 WL 326981 (D. Md. Jan. 28, 2025)) (hereinafter, "*Fisher II*"); ECF No. 154 (*Fisher v. PGCPS Bd. of Educ.*, Case No. 23-cv-1693-ABA, 2025 WL 2418620 (D. Md. Aug. 21, 2025)) (hereinafter, "*Fisher III*").

This case was initially brought by K.F. and her mother, Ms. Fisher. Ms. Fisher is an attorney. She represents both herself and K.F. The Second Amended Complaint ("SAC"), which is the operative complaint, was filed in October 2024. ECF No. 107. Plaintiffs brought their claims primarily under the Individuals with Disabilities Education Act (IDEA), against the Prince George's County Public School Board of Education ("PGCPS") and individual Defendants affiliated with or employed by PGCPS. The SAC also asserted three counts that are not under the IDEA, Counts 22–24 (hereinafter, the "non-IDEA counts"). ECF No. 107 ¶¶ 346–351.

Plaintiffs have also filed a related case in this Court. *See* Case No. 25-cv-716-ABA (D. Md.) (hereinafter, the "-716 Case"). The complaint in that case raises similar allegations of violations of the IDEA, and has overlapping defendants. -716 Case, ECF No. 1. This Court has stayed that case pending the resolution of this one. -716 Case, ECF No. 25.

In the instant matter, the Court mostly granted summary judgment to Defendants on Plaintiffs' IDEA claims in *Fisher III*. 2025 WL 2418620. That opinion explained that the "the ALJ's findings of fact were regularly made, and his conclusions of law were legally correct, with the sole exception that Plaintiffs' claim for compensatory services based on an alleged failure to provide a FAPE before K.F.'s graduation was not rendered moot by her graduation." *Id.* at *14. This Court remanded that narrow aspect of Plaintiffs' IDEA claims to the OAH for further proceedings. *Id.* Following *Fisher III*, as the Court noted explicitly in its order, "the only claims that remain pending in this Court are Plaintiffs' non-IDEA claims: Count 22 and 24, which allege disparate treatment under Title VI and other statutes, and Count 23, which

2

appears to be a . . . claim pursuant to 42 U.S.C. § 1983." ECF No. 155 at 2; *see also* ECF No. 107 ¶¶ 346–351 (the portion of the SAC that lays out the non-IDEA counts).

A few days after the Court issued *Fisher III* in August 2025, it held a hearing regarding several other then-pending motions. ECF Nos. 161, 176. The Court ruled on certain motions, but reserved ruling on Defendants' motion to disqualify Ms. Fisher as counsel for K.F. (ECF No. 136) and Plaintiffs' motion to seal or redact certain filings and proceed under a pseudonym (ECF No. 124). ECF No. 161.

At the hearing and in the written order that followed, the Court ordered Plaintiffs to show cause "why the Court should not dismiss the remaining three counts of the Second Amended Complaint, ECF No. 107, Counts 22, 23 and 24, under Federal Rules of Civil Procedure 8 and 12(b)(6)." ECF No. 162 at 1; *see also* ECF No. 176 (hearing transcript) at 46 (Court: "What's left is three counts in the [SAC]: Count 22, 23, and 24. Those counts contained a laundry list of statutes based in an unspecific way on allegations in the preceding 90 pages of the complaint. I hereby am issuing an order to show cause, Ms. Fisher, to show cause why I should not be dismissing Counts 22, 23, and 24 for failure to state a claim under Rule 12(b)(6) and/or a failure to comply with the requirements of Rule 8[,] which requires a short and plain statement of the claim showing that the pleader is entitled to relief."). In the written order to show cause, Plaintiffs were instructed to "rely only on factual allegations that are already part of their Second Amended Complaint" and warned that "[a] failure to identify the factual allegations that Plaintiffs contend satisfy any given cause of action will be deemed a waiver of that claim." *Id*. at 2. In that same order, the parties were directed to file briefs "regarding their positions on the impact of the Court's recent rulings on the stay in the -716 case." *Id*.

3

After disputes regarding the schedule and form of the briefing, the parties filed briefs concerning both issues (dismissal of Counts 22–24 and the status of the -716 case). *See* ECF No. 173 (Plaintiffs' "brief in support" regarding stay of the -716 case); ECF No. 175 (Plaintiffs' "show cause statement" regarding dismissal of the non-IDEA claims); ECF No. 179 (Defendants' consolidated response regarding both issues); ECF No. 181 (Plaintiffs' consolidated reply regarding both issues).

The parties have also continued to litigate following their briefing in response to the show cause order. Defendants filed correspondence informing the Court that counsel for Defendants and several individual Defendants had been dismissed from a related case pending in the Circuit Court for Prince George's County that was brought by Plaintiffs. ECF No. 182; *see also Kari Fisher, et al. vs. PGCPS Current Supeintendent(or successor(s))* [sic], Case No. C-16-CV-25-003123 (Md. Circuit Ct.). Plaintiffs moved to strike that correspondence and for sanctions. ECF No. 183. Defendants responded by moving for sanctions against Ms. Fisher. ECF No. 184 at 6.

Finally, the Court notes that Plaintiffs appealed this Court's ruling in *Fisher III*. ECF No. 168; *Kari Lynn Diersen Fisher, et al., v. PGPS Board of Education, et al.*, Case No. 25-2117 (4th Cir.). In this Court, Plaintiffs moved to amend their notice of appeal and redact the original version, which contained K.F.'s name. ECF No. 167. The Court will grant that motion. Plaintiffs subsequently moved to dismiss their Fourth Circuit appeal voluntarily. Case No. 25-2117, Dkt. No. 27. The Fourth Circuit granted that motion and dismissed the appeal. ECF Nos. 185, 186.

## II.    DISCUSSION

### A.  Motion to seal and proceed pseudonymously

Before moving to the non-IDEA claims, the Court will address the motion to seal. Plaintiffs have moved to "proceed anonymously" and "seal the complaint filed in this matter as well as the administrative record" in this litigation concerning K.F.'s educational benefits. ECF No. 152 at 1. K.F. is now over the age of 21, but the Court has already allowed her to proceed by pseudonym in part because of the sensitive nature of the allegations at issue, which took place before K.F. turned 21. *See Fisher II*, 2025 WL 326981, at *5. The instant motion appears to request that K.F.'s mother, who is also her attorney, be allowed to proceed under a pseudonym as well. ECF No. 152 at 1 ("Plaintiffs respectfully move the Court to permit the plaintiff-parent to proceed anonymously").

"Pseudonymous litigation undermines the public's right of access to judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). "[W]hen a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The Fourth Circuit has articulated a non-exclusive list of five factors for a court to weigh when deciding whether a party may proceed under pseudonym:

> (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;

5

> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and,
>
> (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (alterations omitted).

Here, Plaintiffs' interest in Ms. Fisher's anonymity does not outweigh the public's right to open court proceedings. Plaintiffs state that there is "very sensitive information" contained in the complaint and administrative record. ECF No. 152 at 2. That is true, but the sensitive information primarily concerns K.F., not Ms. Fisher. Further, Ms. Fisher is over the age of 21, and has been for the entirety of the proceedings. Moreover, Ms. Fisher litigated this case for over two years before requesting that her name be shielded behind a pseudonym. The Court will maintain its order for K.F. to proceed pseudonymously but will not allow Ms. Fisher to do so.

### B.  The non-IDEA claims

As explained above, following *Fisher III* the only remaining claims are Counts 22–24 of the SAC. ECF No. 107 ¶¶ 346–351. Counts 22 and 24 allege that Plaintiffs were subject to "disparate treatment" and discrimination "by virtue of their protected traits," among other wrongs, and cite a laundry list of statutes, including Title VI, Title IX, the Rehabilitation Act, the ADA, 42 U.S.C. § 1983, and the U.S. Constitution's guarantee of protection against "due process, search and seizure, and equal protection." *Id.* ¶¶ 347, 351. Count 23 states that Plaintiffs are bringing an action under 42 U.S.C. § 1983 against several individuals affiliated with or employed by PGCPS for violation of the laws cited in Count 22. *Id.* ¶ 349.

A civil complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, a complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

"[T]he Federal Rules of Civil Procedure do not countenance what is known as 'shotgun pleading.'" *Lee v. Meyers*, Case No. 21-cv-1589-ELH, 2022 WL 252960, at *11 (D. Md. Jan. 27, 2022). "A 'shotgun pleading' is one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Baxter v. AmeriHome Mortg. Co., LLC*, 617 F. Supp. 3d 346, 351 (D. Md. 2022) (quotations and alterations omitted); *see also Wynn–Bey v. Talley*, Case No. 12-cv-3121-RWT, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) ("A Court is not obliged to ferret through a Complaint, searching for viable claims."). Such an impermissible pleading can occur, for example, when "a complaint . . . does not separate 'into a different count each cause of action or claim for relief.'" *Beyond, Inc. v. Asset*

*Store, LLC*, Case No. 24-cv-1555-JRR, 2025 WL 1865770, at *3 (D. Md. July 7, 2025) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). In other words, a plaintiff must include "enough explanation within each cause of action to tie the factual allegations to the alleged violations of law." *Baxter*, 617 F. Supp. 3d at 351.

Applying these standards, Plaintiffs' non-IDEA counts must be dismissed under Rule 8. It is true that Plaintiffs incorporate the SAC's 303 paragraphs of factual allegations into Counts 22–24, and that such incorporation by reference is permissible. *See* Fed. R. Civ. P. 10(c). But Plaintiffs' non-IDEA counts merely list several statutes without any explanation of how they specifically connect to the many incorporated factual allegations. The connection is not self-evident. Accordingly, Counts 22–24 do not provide Defendants sufficient notice to understand what they are being sued for.

The Court explained this deficiency to Plaintiffs at the motions hearing and provided them with an opportunity to clarify in their responses to the order to show cause. ECF No. 162; ECF No. 176 at 46–47 (Court: "Under the pleading rules, the plaintiff is required to make factual allegations that are, quote, more than labels and conclusions and a formulaic recitation of the elements of a cause of action. And I'll note that there isn't even a recitation of the elements of a cause of action in Counts 22, 23, 24. There's just a laundry list of statutes. That's not enough for me to work with to decide whether Counts 22, 23, and 24 state claims on which relief can be granted, but I'm not going to rule on that now. I'm giving you an opportunity to respond and to do so in writing within 14 days.").

Plaintiffs' responses failed to shed any light on the connections between law and fact. *See* ECF Nos. 175, 181. In ECF No. 175, captioned "Plaintiffs' Show Cause

Statement," Plaintiffs appear to propose an amended complaint that re-pleads the non-IDEA counts with slightly more specification. *See* ECF No. 175 at 28–30. But Plaintiffs have not moved for leave to file an amended complaint, and the claims in ECF No. 175 still merely list several statutes without stating their elements, or explaining the connection between the facts and the elements. *Id.* The Court ordered Plaintiffs to provide these explanations and they have failed to do so. Plaintiffs have likewise failed in ECF No. 181. The closest they came to explaining the connection between their allegations and the elements of their claims was this statement:

> Defendants engaged in discrimination, retaliation, and hostile educational environment/harassment based on protected traits when ignoring the Stay Put Order, when issuing the high school diploma, when criminally releasing protected documents against Plaintiffs, like the Suicide Assessment Form and Child Protective Services form without notice or authority, when denying a postponement when K.F. contracted long COVID-19 (and EEOC guidance directed entities to provide extensions to individuals with long COVID-19 under federal discrimination principles), and so forth.

ECF No. 181 ¶ 29. But this is still far too general, as it fails to explain a specific connection to any of the many statutes listed in the complaint, and fails to comply with the Court's order that Plaintiffs "(a) identify the elements of any causes of action as to which they contend Counts 22–24 state claims on which relief can be granted, and (b) which factual allegations they contend satisfy each element." ECF No. 162 at 2. Plaintiffs are represented by an attorney, Ms. Fisher, and their pleadings are not subject to liberal construction.

Accordingly, Counts 22–24 of the SAC are dismissed for failure to state a claim. As these were the only remaining claims following *Fisher III*, the Court will dismiss this case.

## C.   Other motions

As all claims have now been either remanded or dismissed, Defendants' motion to disqualify Ms. Fisher as counsel for K.F. in this matter (ECF No. 124) is moot.

Plaintiffs have also moved to strike Defendants' correspondence (ECF No. 182) and for sanctions. ECF No. 183. But they have cited no rule, authority, or legal basis for that request, or any reason under Federal Rule of Civil Procedure 11 or the Maryland Rules of Professional Conduct to sanction counsel for Defendants. The Court will deny this motion.

Defendants' motion for sanctions, ECF No. 184, is also denied. Defendants claim that Ms. Fisher violated her duty of candor to the tribunal. ECF No. 184 at 1; *see also* Md. R. Attorneys, Rule 19-303.3. They also contend, essentially, that Plaintiffs' motion to strike and for sanctions is frivolous. ECF No. 184 at 5. But they have not shown that Ms. Fisher knowingly misrepresented facts concerning the Prince George's County case to this Court. *See* Rule 19-303.3(a). Regarding Plaintiffs' motion to strike and for sanctions, that filing was close to frivolous, as it cited no legal authority. *See* Fed. R. Civ. P. 11(b)(2) (requiring attorneys to attest that "legal contentions" in written motions "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); *W. Maryland Wireless Connection v. Zini*, 601 F. Supp. 2d 634, 644 (D. Md. 2009) ("The central purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of the federal courts.") (quotations and alterations omitted). And, as Defendants note, "the filing of frivolous motions for sanctions is itself sanctionable conduct." *Fitch v. St. Paul's Sch. for Girls*, Case No. 24-cv-938-SAG, 2025 WL 1346605, at *3 (D. Md. May 8, 2025). But "the decision to issue Rule 11 sanctions is within the

10

court's discretion, and sanctions should be imposed sparingly." *Scott v. Lori*, Case No. 19-cv-2014-ELH, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quotations and citations omitted). The Court will exercise its discretion to not impose sanctions upon Ms. Fisher for Plaintiffs' motion to strike and for sanctions, especially considering the labyrinthine nature of this litigation and the often over-heated rhetoric on both sides.

But Ms. Fisher's conduct, while not worthy of sanctions here, still merits a warning. Ms. Fisher is an attorney subject to the rules of professional conduct governing members of the Maryland bar and the bar of this Court. She has submitted numerous motions for sanctions that often include baseless accusations, threatened criminal charges against opposing counsel, and committed several procedural missteps. Ms. Fisher is forewarned that any conduct in violation of her professional obligations, in either this case or the -716 Case, may lead to sanctions and/or a referral to appropriate disciplinary authorities.

Finally, the Court notes that the -716 Case has been stayed pending the disposition of this case. The Court will file a separate order concerning that case.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny all pending motions except for ECF No. 167 and dismiss the case in the accompanying order.


Date:  March 30, 2026                                    _____/s/_____
                                                         Adam B. Abelson
                                                         United States District Judge

11